CHRISITA MILLIGAN, Petitioner

v.

REUBEN B. WHEATLEY, Commissioner
of Finance, et al., Respondents

## Civil No. 456-1973
## District Court of the Virgin Islands

Div. of St. Croix

## March 23, 1976

LEROY A. MERCER, ESQ., Christiansted, St. Croix, V.I., *for petitioner*

ATTORNEY GENERAL OFFICE, St. Thomas, V.I., *for Dept. of Finance for respondents*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

Petitioner Chrisita Milligan was discharged from employment with the Department of Finance by the Commissioner of that department on December 15, 1972. Her pay was terminated shortly thereafter and she appealed to the Government Employees Service Commission. The dismis-

sal of Petitioner was affirmed by the the GESC on July 19, 1973. This Court, on petition for writ of review, remanded the matter to the GESC for a new hearing when a transcript of the first hearing could not be produced. On September 9, 1975, the GESC, in a new hearing, again upheld the Commissioner's decision to dismiss Petitioner.

Once more Petitioner has turned to this Court, presently seeking not a review of the decision of the GESC, but back wages from December 15, 1972 to September 9, 1975—that is, from the time of her dismissal to the date of the second hearing. The Government of the Virgin Islands therefore frames the question in this case as, whether our decision in Gunthorpe v. Government Employees' Service Commission, 11 V.I. 103 (D.V.I. 1974), should be applied retroactively.[1] Gunthorpe held that a notification of dismissal by a department head to a government employee was ineffective to terminate employment, and that the employee's pay could not be suspended until the time for appeal to the GESC had expired or the GESC had affirmed the action of the department head.

■■ It is the opinion of this Court that the holding in Gunthorpe should be applied retroactively from October 29, 1973, the date on which the Attorney General of the Virgin Islands advised department heads by memorandum that, except in cases involving extreme hardship, a government employee against whom dismissal was proposed was to be permitted to continue working in full pay status, until either his time for appeal to the GESC had expired or the GESC had heard and rendered a decision in his case. More specifically, Gunthorpe should be applied to those cases in which government employees were told by department heads on or after October 29, 1973, that they

---

[1] Parenthetically, the Government of the Virgin Islands, et al., have requested leave to amend their opposition to the within motion for back wages. There being no opposition to the amendment, and it appearing that the amendment concerns a typographical error, the motion will be granted.

were "dismissed" from their jobs. With Gunthorpe so applied, Petitioner does not qualify for back wages because she had been dismissed and had already received one decision from the GESC by the time the Attorney General's opinion was issued.

■ In reaching this decision, the Court has been prompted to give weight to the fact that, prior to the circulation of the Attorney General's opinion, the standard, and until then accepted, procedure for dismissal of government employees differed among the various departments as well as from that outlined by the Attorney General. Thus department heads were justified in relying on what was then deemed procedurally acceptable in dismissing employees under the, at the time, conventional interpretation of 3 V.I.C. § 530. Additionally, this Court is of the opinion that retroactive application of Gunthorpe beyond October 29, 1973, would unduly burden both the GESC and this Court with appeals.

For the foregoing reasons, Petitioner's motion for back wages will be denied and the instant action will be dismissed.

### ORDER

Petitioner has filed an appeal with this Court, seeking to recover back wages from the time of her dismissal to the date of the second hearing, and upon consideration of the motion thereof,

IT IS ORDERED that the motion of Petitioner for back wages, be, and the same is hereby DENIED;

FURTHER ORDERED that this cause, be, and the same is hereby DISMISSED.